**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Nicholas MALDONADO–GARCIA,**
**Defendant–Appellant.**

**No. 06–40105**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Nicholas Maldonado–Garcia (Maldonado) appeals his guilty plea conviction and sentence for illegal reentry following deportation. Maldonado contends that the district court erred in treating his Texas burglary of a habitation conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As Maldonado con-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cedes, his argument has been rejected by this court. *See United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 265, 166 L.Ed.2d 205 (2006); *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir. 2005), *cert. denied,* 546 U.S. 1199, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Maldonado also challenges, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Maldonado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Maldonado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.